# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA MORRISON | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:25-CV-3066-S |
| PWA COALITION OF DALLAS, INC. d/b/a ASD d/b/a AIDS SERVICES OF DALLAS | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant PWA Coalition of Dallas, Inc. d/b/a ASD d/b/a AIDS Services of Dallas's Amended Partial Motion to Dismiss Plaintiff Laura Morrison's First Amended Complaint ("Motion") [ECF No. 22]. The Court has reviewed the Motion and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

Defendant hired Plaintiff in August 2023 to serve as a Community Housing Placement Case Manager. Pl.'s First Am. Original Compl. ("Amended Complaint") [ECF No. 18] ¶ 2. In May 2024, Defendant placed Plaintiff under the supervision of Tiffany Claxton. *Id.* ¶ 3. Claxton allegedly subjected Plaintiff to multiple instances of sexual harassment and other "hostile-work-environment conduct" between May 2024 and September 2024. *Id.* ¶ 4.

Plaintiff alleges that she submitted a written complaint to Defendant's human resources department on September 6, 2024, reporting Claxton's conduct. *Id.* ¶ 5. A little over two weeks later, Defendant allegedly placed Plaintiff on a performance improvement plan and put her on three days of unpaid leave. *Id.* ¶ 6. On September 25, 2024, Defendant terminated Plaintiff's

employment. *Id.* ¶ 9. The following month, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").[1] Mot., Ex. A [ECF No. 22-1].

Plaintiff's Original Complaint asserted claims for sex discrimination, hostile work environment based on sex, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Pl.'s Original Compl. ("Original Complaint") [ECF No. 1] ¶ 19. Defendant moved to dismiss the Original Complaint, but Plaintiff did not respond. The Court granted Defendant's first motion to dismiss and granted Plaintiff leave to amend. *See* Order [ECF No. 17].

Plaintiff now brings claims for sex discrimination, hostile work environment based on sex and based on race, retaliation, and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and for race discrimination, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981. *Id.* ¶¶ 84-129. Defendant moves to dismiss Plaintiff's Title VII race-based discrimination and hostile work environment claims (Counts IV and V) and her Section 1981 claims (Counts VI, VII, and VIII). Once again, Plaintiff did not file a response. But "[e]ven where a party 'ha[s] not briefed [an] issue at all, Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting' a motion to dismiss." *Walker v. Stroman*, No. 20-50602, 2022 WL 2073834, at *3 (5th Cir. June 9, 2022) (second and third alterations in original) (quoting *Servicios Azucareros de Venez., C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)).

---

[1] The Court notes that Plaintiff inconsistently alleges the date on which she filed the Charge. Although Plaintiff repeatedly alleges that she filed the Charge on September 24, 2024, *see, e.g.*, Am. Compl. ¶¶ 8, 62, 65, 100, 103, she also alleges that she "executed a Charge of Discrimination filed with the Texas Workforce Commission Civil Rights Division and dual-filed with the EEOC" on October 25, 2024, *id.* ¶ 17. The Charge, incorporated by reference, is dated October 25, 2024. Mot., Ex. A. Plaintiff amended the Charge on the same day to correct a name. *See* Mot., Ex. B [ECF No. 22-2].

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the Court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

### *A. Counts IV and V*

Defendant argues that Plaintiff did not exhaust her administrative remedies before bringing her race-based discrimination and hostile work environment claims. Mot. 3. Before bringing a claim under Title VII, a plaintiff must first exhaust administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). To exhaust her remedies, "a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Taylor*, 296 F.3d at 379). Thereafter, a plaintiff may only pursue those claims within the scope of the EEOC charge or "that could reasonably have been expected to grow out of the charge." *Sosebee v. Tex. Alcoholic Beverage Comm'n*, 906 F. Supp. 2d 596, 600 (N.D. Tex. 2012).

Here, Plaintiff's Charge indicates in several places that Defendant allegedly discriminated against her based on sex. *See* Mot., Ex. B [ECF No. 22-2]. Plaintiff explicitly lists "Sex and Retaliation" as the bases for discrimination. *Id.* The narrative portion of the Charge states that Plaintiff "ha[s] been subjected to inequitable terms and conditions, harassment, sexual harassment, suspension, discipline, and discharge ***because of my sex (Female)*** and retaliation for reporting ***sexual harassment***." *Id.* (emphasis added). Further, Plaintiff alleges that the "person in management is partial to the male employees and clearly favors them." *Id.*

Plaintiff's Charge does not indicate that Defendant discriminated against or harassed her due to her race. While the Charge includes a comment Claxton allegedly made about Plaintiff's "chocolate skin," this comment appears to be listed as an example of sexual harassment, not racial discrimination. *Id.* Regardless, this isolated comment is insufficient to establish a causal link between Plaintiff's race and an adverse employment action or to demonstrate discrimination sufficiently severe to support a hostile work environment claim. *See Lee v. Osm Worldwide*, No. 3:25-CV-1019-B-BK, 2026 WL 740237, at *5 (N.D. Tex. Feb. 27, 2026), *report and recommendation adopted by* 2026 WL 738613 (N.D. Tex. Mar. 16, 2026). Therefore, Plaintiff's race-based discrimination and hostile work environment claims in this lawsuit could not reasonably have been expected to grow out of her gender-based claims in the Charge, and the Court dismisses these claims with prejudice[2] for failure to exhaust her administrative remedies.

### *B. Counts VI, VII, and VIII*

Defendant next contends that Plaintiff's "race-plus-gender" claims are not cognizable under Section 1981. Mot. 6. Section 1981 applies only to racial discrimination, and it does not cover intersectional claims. *See Evans v. City of Houston*, 246 F.3d 344, 356 n.9 (5th Cir. 2001) (citation omitted); *see also Martin v. Hutson*, No. 24-30451, 2025 WL 1432699, at *1 (5th Cir. May 19, 2025) ("If [the plaintiff] raised an 'intersectional' claim about discrimination because he is a black male . . . it fails because Section 1981 expressly condemns only race discrimination." (citation omitted)).

[2] Ordinarily, failure to exhaust administrative remedies results in a dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007) (citation omitted). However, "when exhaustion is no longer possible, dismissal may be with prejudice." *Id.* (citation omitted). Because exhaustion of administrative remedies is too late for any race-based claims in this case, the Court dismisses these claims with prejudice. *See* 42 U.S.C. § 2000e-5(e)(1).

With respect to Plaintiff's discrimination and hostile work environment claims under Section 1981, Plaintiff appears to assert an intersectional theory based on her race and sex. For example, Plaintiff alleges that "Defendant's adverse actions would not have occurred ***but for Plaintiff's race in combination with her sex***—that is, but for her status as a Black woman" and that certain "Black-male comparators establish that the differential treatment of Plaintiff ***cannot be explained by race alone***—men of Plaintiff's race were treated more favorably—isolating sex as a distinguishing factor." Am. Compl. ¶¶ 118, 70 (emphasis added). Similarly, to support her hostile work environment claim, Plaintiff alleges that she was subjected to a "racialized sexualization of [her] identity as a ***Black woman***." *Id.* ¶ 92 (emphasis added). "Because [S]ection 1981 claims apply only to race" and Plaintiff brings intersectional claims, the Court dismisses Plaintiff's Section 1981 discrimination and hostile work environment claims with prejudice. *See Ensley v. DeSoto Indep. Sch. Dist.*, No. 3:19-CV-2094-N, 2020 WL 2542602, at *2 (N.D. Tex. May 18, 2020) (dismissing the plaintiff's Section 1981 claims based "on color and sex" (citation omitted)).

Regarding Plaintiff's retaliation claim, "Section 1981 does not apply to claims involving retaliation for raising a complaint about sexual harassment." *McLeod v. Floor & Decor Outlets of Am., Inc.*, No. 3:20-CV-03134-E, 2021 WL 2515750, at *3 (N.D. Tex. June 18, 2021) (citing *Payne v. Travenol Labs., Inc.*, 673 F.2d 798, 815 (5th Cir. 1982)). Plaintiff's September 6, 2024, complaint makes no reference to racial discrimination or harassment, alleging only "sexual comments" and "sexually related conversations." Mot., Ex. C [ECF No. 22-3]. And while the Charge references an alleged comment about Plaintiff's "chocolate skin," the Charge was filed ***after*** Plaintiff's termination and identifies the comment only as an example of sexual harassment. Mot., Ex. B. Therefore, Plaintiff does not allege that she engaged in activities protected by Section

1981. *See Hale v. McGregor*, No. A-24-CV-1076-RP, 2026 WL 1850047, at *5 (W.D. Tex. May 21, 2026), *report and recommendation adopted by* No. 1:24-CV-1076-RP, 2026 WL 1880188 (W.D. Tex. June 30, 2026). Accordingly, the Court dismisses Plaintiff's retaliation claim under Section 1981 with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant PWA Coalition of Dallas, Inc. d/b/a ASD d/b/a AIDS Services of Dallas's Amended Partial Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 22]. Plaintiff's claims for race discrimination in violation of Title VII (Count IV), hostile work environment based on race in violation of Title VII (Count V), race discrimination in violation of 42 U.S.C. § 1981 (Count VI), hostile work environment based on race in violation of 42 U.S.C. § 1981 (Count VII), and retaliation in violation of 42 U.S.C. § 1981 (Count VIII) are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED November 1, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**